UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:90-cr-00874-KING

UNITED STATES OF AMERICA,

v.

LEROY TAFFEE,

Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

THIS MATTER comes before the Court upon Defendant's Motion to Reduce Sentence (DE 233) (the "Motion"), filed February 14, 2022. The Court has also considered the Government's Response (DE 235) filed February 23, 2022, and Defendant's Reply (DE 236) filed February 28, 2022.

### I.   BACKGROUND

On April 20, 1992, Defendant pled guilty to (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count 2); and (3) use and possession of a firearm during and in relation to crimes of violence and drug trafficking, in violation of 18 U.S.C. § 924(c) (Count 5). Resp. at 3, citing *United States v. Taffe*, 36 F.3d 1047, 1049 (11th Cir. 1994). Defendant was sentenced to concurrent terms of 327 months imprisonment on Counts 1 and 2, with a consecutive sentence of 30 years on Count 5. Mot. ¶ 2. Defendant's expected release date is March 12, 2040. Resp. at 6.

On April 7, 2016, this Court denied Defendant's first Motion to Reduce Sentence based on the 18 U.S.C 3553(a) sentencing factors. DE 215. On November 21, 2016, this Court denied

1

Defendant's second Motion to Reduce Sentence because Defendant failed to assert a legal argument. DE 218. On April 16, 2020, this Court denied Defendant's third Motion to Reduce Sentence for again failing to assert a legal argument. DE 224. On October 9, 2020, this Court denied Defendant's fourth Motion to Reduce Sentence after considering the § 3553 factors. DE 230. Now, Defendant seeks a sentence reduction for a fifth time, this time under Amendment 782 to the Sentencing Guidelines and pursuant to 18 U.S.C. § 3582(c)(2), an argument previously made in Defendant's second Motion to Reduce Sentence. Mot. ¶ 6.

## I.   LEGAL STANDARD

A term of imprisonment may be reduced when a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission, after considering the factors set forth in section 3553(a) and the applicable policy statements. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817 (2010). Section 3582(c)(2) establishes a two-step inquiry for the reduction in sentence; first the reduction must be consistent with United States Sentencing Guidelines § 1B1.10, and second whether the reduction is warranted based upon consideration of the § 3553(a) factors. *Dillon*, 560 U.S. at 826.

## II.   DISCUSSION

Defendant moves the Court to lower Defendant's sentence on Counts 1 and 2 from 327 months to 262 months. Mot. ¶¶ 2, 6. Defendant argues that a reduction is consistent with the sentencing guidelines and the 3553(a) sentencing factors warrant reduction. *See* Mot. Specifically, Defendant argues that given his good conduct in prison, and the fact that he would be released in his "late 70s" (as opposed to "mid-80's"), show he is "incredibly unlikely to reoffend." Mot. ¶¶ 8, 14.

The Government does not contest the first step of *Dillon*. Mot. ¶ 7; Resp. at 7. The Government argues in their responsive motion that Petitioner Leroy Taffee has had a record in prison of anything except "good conduct." While awaiting trial, Defendant attempted to escape from his then place of confinement in custody at Miami Metropolitan Correctional Center. Resp. at 8. During this attempted escape, Defendant obtained a 22-caliber pistol which he used to hold a federal correctional officer at gunpoint, and "when another prisoner employee got in [Defendant's] way, [Defendant] aimed the gun at the employee and would have killed him but for the fact that the gun failed to fire." *Id.* at 8–9, citing PSI ¶¶ 22–28. If this were not sufficient to establish that Defendant is not eligible for a reduction, the Government further points out to Defendant's several infractions while in prison, including as recently as a 2015 possession of a dangerous weapon. *Id.* at 9–10.

In the process of thorough examination of the record and Defendant's history, the Court ordered the Government to provide the Court with a copy of the PSI. DE 237. Upon the Court's independent review of the PSI (DE 238-2) and Defendant's disciplinary records (DE 235-1), the Court finds the Government's summation of Defendant's conduct to be accurate. Specifically, Defendant held a federal employee hostage at gunpoint (PSI ¶ 23), tried to shoot another employee (PSI ¶ 25), and was sanctioned while in prison in 2015 for possession of a dangerous weapon (DE 235-1 at 1).

The Court has previously denied Defendant's motion to reduce sentencing based on the sentencing factors. *See* DE 215. Upon careful consideration, and after reviewing the facts of Defendant's original offense and subsequent conduct, the Court again concludes that the factors under 18 U.S.C. § 3553(a) do not warrant release.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Reduce Sentence **(DE 233)** be, the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 19th day of April, 2022.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record
      Magistrate Judge Jacqueline Becerra